Bates v. Trump

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of February, two thousand twenty-two.

PRESENT:
> **MICHAEL H. PARK,**
> **WILLIAM J. NARDINI,**
> **MYRNA PÉREZ,**
> *Circuit Judges.*

_____

**JEREMY BATES, derivatively on behalf of the UNITED STATES OF AMERICA,**

*Plaintiff-Appellant,*

v.                                                          **21-1533**

**DONALD J. TRUMP, in his personal capacity, UNITED STATES OF AMERICA,**

*Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**          Jeremy Bates, pro se, New York, NY.

**FOR DEFENDANTS-APPELLEES:**          Brandon H. Cowart, Benjamin H. Torrance, Assistant United States Attorneys, *for* Audrey Strauss, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Jeremy Bates, an attorney proceeding pro se, filed a lawsuit in January 2021 against then-President Donald J. Trump in New York state court, naming Trump in his personal capacity and the United States as the "nominal defendant." Styling the action as one akin to a derivative lawsuit in corporate law—and claiming that being a citizen and taxpayer was akin to being a shareholder—Bates asserted that President Trump had breached a fiduciary duty to the country and requested money damages and equitable relief on behalf of the United States. The government removed the action to the United States District Court for the Southern District of New York under 28 U.S.C. §§ 1441(a), 1442(a). It then moved to dismiss the complaint for lack of standing and failure to state a claim, arguing that Bates could not show that he suffered a concrete and particularized injury to himself and that he could not sue on behalf of the United States. The district court granted the motion to dismiss, endorsing the government's memorandum of law accompanying its motion. Bates appealed. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

When a challenge to standing under Federal Rule of Civil Procedure 12(b)(1) is based solely on the pleadings, we accept as true all factual allegations in the complaint. *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56–57 (2d Cir. 2016). Our review is de novo. *Id.*

To establish standing, a plaintiff must at a minimum allege that he has suffered an "injury in fact that is concrete, particularized, and actual or imminent." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). For an injury to be particularized, the challenged conduct "must affect

the plaintiff in a personal and individual way," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 n.1 (1992), rather than merely implicating "a general interest common to all members of the public," *Lance v. Coffman*, 549 U.S. 437, 440 (2007) (citation omitted). This requirement "avoid[s] having the federal courts serve as merely publicly funded forums for the ventilation of public grievances." *Baur v. Veneman*, 352 F.3d 625, 632 (2d Cir. 2003) (cleaned up).

Bates has failed to establish a concrete, particularized injury sufficient for Article III standing. Bates seeks relief for alleged injuries caused by President Trump to the United States. To the extent that Bates has suffered any such injuries, it is only in his capacity as one of the nation's millions of "Citizen-Taxpayers." Appellant's Br. at 46. Bates thus asks us to contravene the Supreme Court's instruction in *Lujan*:

> [A] plaintiff raising only a generally available grievance about government— claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy.

504 U.S. at 573–74. Indeed, Bates concedes on appeal that he lacks a "direct, particularized injury-in-fact to himself, as an individual." Appellant's Br. at 5.

Moreover, Bates cannot assert standing to sue on behalf of the United States. Federal law generally grants the authority to bring litigation on behalf of the United States only to the Department of Justice under the direction of the Attorney General. *See* 28 U.S.C. § 516 ("Except as otherwise authorized by law, the conduct of litigation in which the United States, an agency, or officer thereof is a party . . . is reserved to officers of the Department of Justice, under the direction of the Attorney General."); *United States v. San Jacinto Tin Co.*, 125 U.S. 273, 279–80 (1888) ("There must . . . be an officer or officers of the government to determine when the United States shall sue, to decide for what it shall sue, and to be responsible that such suits shall be brought in

3

appropriate cases. . . . In all this, . . . the attorney general acts as the head of one of the executive departments, representing the authority of the president in the class of subjects within the domain of that department, and under his control."). Bates points to no statutory exception to section 516's requirements that would apply to his case. We thus conclude that he cannot assert any standing the United States may have to sue. *See, e.g.*, *Fed. Election Comm'n v. NRA Pol. Victory Fund*, 513 U.S. 88, 92 n.1, 92–94 (1994) (rejecting the FEC's asserted power to pursue litigation in the Supreme Court absent statutory authorization that would except it from 28 U.S.C. § 518(a)).

We have considered all of Bates's remaining arguments and find them to be without merit.

We thus **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4